### UNITED STATES v. BEUTEL.
#### Civ. A. 1600.

United States District Court
W. D. Kentucky, at Louisville.
Aug. 28, 1951.

Paul Marshall, Chief Litigation Section, Sol W. Wyman and Sanford Simms, Enforcement Attys., Office of the Housing Expediter, all of Cleveland, Ohio, for plaintiff.

Carl J. Helman, Louisville, Ky., for defendant.

SHELBOURNE, Chief Justice.

This action was originally filed by Tighe E. Woods, Housing Expediter, Office of the Housing Expediter, Plaintiff against Dr. Herald V. Beutel, and the United States of America was substituted by stipulation filed August 22, 1951.

The action was filed under Section 206 (b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902.

An injunction was sought by the plaintiff, enjoining violation of the Housing and Rent Act and seeking to recover for the benefit of certain tenants alleged to have been charged more than the maximum

legal rental on various apartments the overcharges or amounts paid by them in excess of the maximum legal rent.

The case was tried upon an agreed stipulation and the facts so stipulated are adopted by the Court as the

## Findings of Fact.

1. That the plaintiff is the duly authorized Housing Expediter of the Office of the Housing Expediter and entitled to maintain this proceeding, and the Court has jurisdiction to hear and to determine same.

2. That at all times stated in the complaint there was in full force and effect the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulations, as amended, issued pursuant thereto, which said Act and Regulation established maximum rents for housing accomodations located within the Louisville Defense-Rental Area.

3. That at all times material hereto the defendant was the landlord of housing accommodations located at 900 Audubon Parkway, Louisville, Kentucky, within said Defense-Rental Area.

4. That the maximum legal rents, as set forth in Schedule "A" attached to Plaintiff's Complaint, are the maximum rents, without the execution of the leases involved in this action.

5. That the amounts of rent received by the defendant from the respective tenants, as set forth in Schedule "A" are correct.

6. That the defendant entered into leases with the tenants referred to in Schedule "A" on April 27, 1948, to become effective on May 1, 1948, at 15% increases above the maximum rent.

7. That the aforesaid leases were not filed with the Area Rent Office within fifteen days from the date of execution of said leases.

8. That on September 22, 1948, the defendant sent a letter to the Area Rent Office at Louisville, Kentucky, a copy of which letter is attached hereto as part of this Stipulation.

9. That on October 21, 1948, the Rent Office at Louisville, Kentucky, forwarded to the defendant a letter which is attached as part hereof.

10. That pursuant to said letter of October 21, 1948, the defendant did on the 30th day of October 1948, mail to the Office of the Housing Expediter all of the leases referred to in the complaint and schedule attached thereto, and that said leases were received by the Office of the Housing Expediter on November 1, 1948, which was more than fifteen days after the date of execution thereof.

11. That on November 26, 1948, the Office of the Housing Expediter rejected said leases because they were not filed within fifteen days of their execution.

12. It is further stipulated that proof will be proffered by both parties on certain questions of fact upon which the parties are unable to agree, namely whether the defendant was informed by some person in the Louisville Rent Office that the leases referred to in the complaint were not required to be filed, and which the plaintiff denies.

Finding No. 5 refers to Schedule "A" from which the Court finds that on Apartment #1, defendant charged and received from Gene Beeber, between May 1, 1948 and December 1, 1948, rental at the rate of $66.41 per month and that the maximum legal rent during said period on Apartment #1 was $57.75 per month, a total sum of $60.62 in excess of the maximum legal rent.

On Apartment #3, defendant received from Clara Parr between May 20, 1948 and November 20, 1948, rental at the rate of $66.41 per month, and that the maximum legal rent during said period was $57.75, making a total sum of $51.96 in excess of the maximum legal rent.

On Apartment #4, defendant charged and received from his tenant L. J. Merkel, between May 1, 1948 and December 1, 1948, rental at the rate of $66.41, and that the maximum legal rent during said period was $57.75, making a total sum of $60.62 received in excess of the maximum legal rent.

On Apartment #5, defendant charged and received from his tenant Mrs. W. R. Epperson, during the period between May

1, 1948 and December 1, 1948, rental at the rate of $72.45 and that the maximum legal rent during said period was $63. per month, making a total sum of $66.15 received in excess of the maximum legal rent.

On Apartment #6, defendant received from Robin A. Smith during the period from May 1, 1948, to December 1, 1948, rental at the rate of $72.45 per month, when the maximum legal rent during said period was $63 per month, making a total sum of $66.15 received in excess of the maximum legal rent.

On Apartment #7, defendant charged and received from Mrs. Lillian Head during the period from May 1, 1948 to December 1, 1948, rental at the rate of $62.89 per month, when the maximum legal rent during said period was $54.60 per month, making a total sum of $58.03 received in excess of the maximum legal rent.

On Apartment #8, defendant charged and received from Walter Lawyer, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $62.79 per month, when the maximum legal rent during said period was $54.60 per month, making a total sum of $57.33 received in excess of the maximum legal rent.

On Apartment #9, defendant charged and received from Charles Gardner, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $66.41 per month, when the maximum legal rent during said period was $57.75, making a total sum of $60.62 received in excess of the maximum legal rent.

On Apartment #10, defendant charged and received from Laura P. Thompson, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $67.62 per month, when the maximum legal rent during said period was $52.50 per month, making a total sum of $105.84 received in excess of the maximum legal rent.

On Apartment #11, defendant charged and received from N. B. Crouch, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $66.41 per month, when the maximum legal rent during said period was $58.80 per month, making a total sum of $53.27 received in excess of the maximum legal rent.

On Apartment #12, defendant charged and received from Robert Halbleib, during the period from May 1, 1948, to December 1, 1948, rental at the rate of $72.45 per month, when the maximum legal rent during said period was $63, per month, making a total sum of $66.15 received in excess of the maximum legal rent.

On Apartment #13, defendant charged and received from R. B. Clark, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $61.58 per month, when the maximum legal rent during said period was $53.55 per month, making a total sum of $56.21 received in excess of the maximum legal rent.

On Apartment #14, defendant charged and received from Alvin J. Wiesman, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $68.73 per month, when the maximum legal rent during said period was $59.85 per month, making a total sum of $62.16 received in excess of the maximum legal rent.

On Apartment #15, defendant charged and received from Harry E. Best, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $66.41 per month, when the maximum legal rent during said period was $57.75 per month, making a total sum of $60.62 received in excess of the maximum legal rent.

On Apartment #16, defendant charged and received from J. J. Holzknecht, during the period from May 1, 1948 to December 1, 1948, rental at the rate of $66.41 per month, when the maximum legal rent during said period was $57.75 per month, making a total sum of $60.62 received in excess of the maximum legal rent.

The total amount of all the overcharges above enumerated is $946.35.

13. Defendant Beutel, on or about the 27th day of April 1948, entered into leases with each and all of the tenants whose names are listed above, providing for rental at an amount equal to the then existing maximum legal rent, plus a fifteen percent increase, said leases each to become effective May 1, 1948, in accordance with Section 202(c) (3) of the Housing and Rent Act of 1947, as amended, but did not, as provided by said section, file within fifteen

days after date of execution of said leases with the Housing Expediter a true and duly executed copy of said leases.

### Conclusions of Law.

I. This Court has jurisdiction of the subject matter and parties to this proceeding. The Housing and Rent Act of 1947, Section 206(b).

II. The plaintiff, United States of America, is entitled to recover for the benefit of the following named persons, the respective amounts set opposite their names, as the amount charged and received from said tenants by defendant Herald V. Beutel, in excess of the maximum legal rent authorized to be charged or received from them—

| | |
|---|---|
| Gene Beeber | $60.62 |
| Clara Parr | 51.96 |
| L. J. Merkel | 60.62 |
| Mrs. W. R. Epperson | 66.15 |
| Robin A. Smith | 66.15 |
| Mrs. Lillian Head | 58.03 |
| Walter Lawyer | 57.33 |
| Charles Gardner | 60.62 |
| Laura P. Thompson | 105.84 |
| N. B. Crouch | 53.27 |
| Robert Halbleib | 66.15 |
| R. B. Clark | 56.21 |
| Alvin J. Wiesman | 62.16 |
| Harry E. Best | 60.62 |
| J. J. Holzknecht | 60.62 |

Counsel for plaintiff will submit judgment in accordance with this memorandum.